# In the United States Court of Federal Claims

No. 20-336C

(E-Filed:  August 20, 2020)

**NOT FOR PUBLICATION**

| | |
|---|---|
| LESLIE R. HASTINGS, JR., | ) |
| | ) |
| Plaintiff, | ) Pro Se Complaint; <u>Sua Sponte</u> |
| | ) Dismissal for Lack of Jurisdiction; |
| v. | ) RCFC 12(h)(3). |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>ORDER</u>

Plaintiff Leslie R. Hastings, Jr., filed a pro se complaint with the court on March 19, 2020.  <u>See</u> ECF No. 1.  Also pending before the court are:  (1) plaintiff's motion to proceed in forma pauperis, ECF No. 2; (2) plaintiff's motion for summary judgment, ECF No. 6; and (3) plaintiff's motion to appoint counsel, ECF No. 20.[1]  Because the court lacks subject matter jurisdiction over plaintiff's claims, the court must dismiss this case <u>sua sponte</u> pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC).  <u>See</u> RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The court's jurisdictional analysis is set forth below.

I.      Background

In the complaint, plaintiff alleges that that the involvement of United States Magistrate Judge Frances H. Stacy in his case before United States District Court Judge

---

[1]      In addition to the pending motions, the court has received two documents from plaintiff that are not contemplated by the court's rules.  The first, received on August 7, 2020, is a "Notice of Concern for Retaliation by the Defendant and the State of Texas;" and the second, received on August 10, 2020, is a "Notice of Illegal Hearing by the State of Texas."  The clerk's office noted that the documents are defective and referred the matter to chambers.  Because the court's rules do not allow for such filings, the court will direct the clerk's office to reject both documents.

Andrew S. Hanen violated his constitutional rights.  See ECF No. 1.  Specifically, he claims that:

> U.S. Magistrate Judge Frances H. Stacy, of the United States District Court, Southern District of Texas, Houston Division, intentionally and knowingly, violated by U.S. Constitutional Right, by filing a civ[i]l  action against the plaintiff, without my consent to waive my right to proceed before a district judge to conduct all further proceedings.

ECF No. 1 at 2.  Plaintiff contends that he is entitled to compensation due to an allegedly improper order issued by the magistrate judge.  See id.  Additionally, plaintiff states that "U.S. Magistrate Judge Frances H. Stacy tried to conspire to trick me and extort me to do an illegal act and violated my United States Constitutional Rights."  Id.  Plaintiff does not describe what the alleged illegal act was.

Plaintiff seeks the following relief:  "I want two (2) billion dollars for my pain and suffering.  I want protection and security proved by the United States, not the federal government.  I want a monthly check, in addition to the 2 billion for (60) sixty thousand forever."  Id. at 3.

II.      Legal Standards

A.      Pro Se Litigants

The court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of a common law pleading.  Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987).  Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in this court.

B.      Jurisdiction

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt."  Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted).  The Tucker Act delineates this court's jurisdiction.  28 U.S.C. § 1491 (2012).  That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted).  These include money damages claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort.  Id. (citing 28 U.S.C. § 1491(a)(1)).

III.    Analysis

    A.    Motion for Leave to Proceed In Forma Pauperis

As an initial matter, plaintiff has filed a motion for leave to file in forma pauperis. See ECF No. 2.  On his application, plaintiff states that he is incarcerated at "Wayne Scott Unit 6999 Retrieve Road Angleton, TX 77515." Id. at 2.  Plaintiff attached his Prisoner Authorization form to his application, see ECF No. 2-1 at 1; and on August 3, 2020, plaintiff filed his notarized trust fund account statement, see ECF No. 17 at 5. These documents demonstrate that plaintiff is presently unable to prepay the filing fee in this case.  Accordingly, for good cause shown, plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, is granted for the limited purpose of determining the court's jurisdiction over this matter.

    B.    Lack of Subject Matter Jurisdiction

As described above, the gravamen of this complaint is plaintiff's dissatisfaction with the proceedings in the United States District Court for the Southern District of Texas.  The Tucker Act, however, does not give this court jurisdiction to consider the merits of a collateral attack on those proceedings.  See 28 U.S.C. § 1491(a); see, e.g., Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); Vereda, Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("The Court of Federal Claims 'does not have jurisdiction to review the decisions of district courts.'") (quoting Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994).  In order to challenge proceedings in a federal district court, a plaintiff must rely on "the statutorily defined appellate process."  Shinnecock, 782 F.3d at 1353 (citation omitted).

To the extent that plaintiff seeks to challenge the actions of Judge Hanen or Magistrate Judge Stacy—as violations of his constitutional rights—jurisdiction is likewise lacking in this forum.  It is well settled that violations of a plaintiff's constitutional rights by a federal official do not fall within this court's jurisdiction. Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997).

And finally, although it is not clear whether plaintiff means to allege extortion as a criminal or a civil violation, this court cannot consider either.  See Dumont v. United States, 345 F. App'x 586, 593 (Fed. Cir. 2006) (per curiam) (stating that "a felony claim for extortion is clearly not within the Claims Court's jurisdiction because the Claims Court has no jurisdiction over claims of criminal misconduct"); Moore v. United States, 419 F. App'x  1001, 1002 (Fed. Cir. 2011) (holding that the Court of Federal Claims lacks jurisdiction over tort claims including extortion).

For these reasons, the court lacks jurisdiction over plaintiff's claims, and his suit must be dismissed.  RCFC 12(h)(3).

C.      Transfer

Because plaintiff's complaint is not within this court's jurisdiction, the court considers whether transfer to another federal court is appropriate.  Transfer of cases from this court to a district court is governed by 28 U.S.C. § 1631 (2012), which states in relevant part, as follows:

> Whenever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Id.  In the court's view, transfer would not serve the interests of justice in this case. Plaintiff alleges some claims that appear to be appellate in nature and some claims that appear to be new claims for relief.  Because appellate arguments and new claims would proceed in different courts, transfer would require this court to elect on plaintiff's behalf which claims he wishes to pursue.  The court will not devise a litigation strategy for plaintiff, and as such, transfer is inappropriate in this instance.

IV.      Conclusion

Accordingly,

(1)      Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, is **GRANTED** for the limited purpose of determining this court's jurisdiction;

(2)      Plaintiff's motion for summary judgment, ECF No. 6, is **DENIED** as moot;

(3)      Plaintiff's motion to appoint counsel, ECF No. 20, is **DENIED** as moot;

(4)      The clerk's office is directed to **REJECT** as defective plaintiff's "Notice of Concern for Retaliation by the Defendant and the State of Texas," received on August 7, 2020; and plaintiff's "Notice of Illegal Hearing by the State of Texas," received on August 10, 2020;

(5)     The clerk's office is directed to **DISMISS** plaintiff's complaint without
        prejudice, and **ENTER** final judgment; and

(6)     The clerk's office is directed to **REJECT** any future filings not in
        compliance with this court's rules, without further order of the court.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge